# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LARNELL HENDRICK, #209-362,

    Plaintiff,

vs.

CO II JUSTIN GORDON, ET AL.,

and

NORTH BRANCH CORRECTIONAL
INSTITUTION
14100 McMullen Highway S.W.
Cumberland, MD 21502
Allegany County, Maryland

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 8:14-cv-02398-DKC

### PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff Larnell Hendrick, for his Second Amended Complaint against defendants North Branch Correctional Institution, Correctional Officer Justin Gordon, Correctional Officer Benjamin Friend, Correctional Officer Jeremy Crites, and Correctional Officer and Sergeant Jessica Hite  (collectively, "Defendants"), alleges as follows:

### INCORPORATION OF ORIGINAL AND FIRST AMENDED COMPLAINT

Plaintiff Larnell Hendrick expressly incorporates by reference Plaintiff's Original Complaint, all exhibits thereto, and Plaintiff's First Amended Complaint, which are docket entries 1, 1-1, 1-2, 1-3, and 14, respectively.  Plaintiff's Original Complaint and Plaintiff's First Amended Complaint are attached hereto as Exhibits 1 and 2, respectively.  Plaintiff repeats and realleges the entirety of Plaintiff's Original Complaint, all exhibits thereto, and First Amended Complaint as if fully set forth herein.

# PARTIES TO CLAIMS 2-6

1.      Larnell Hendrick ("Plaintiff" or "Mr. Hendrick") is an inmate at North Branch Correctional Institution.

2.      North Branch Correctional Institution ("NBCI") is a maximum security prison in Cumberland, Maryland.  At all times relevant hereto, NBCI was the employer of Defendants  Justin Gordon, Benjamin Friend, Jeremy Crites, and Jessica Hite.  NBCI is operated by the Maryland Department of Public Safety and Correctional Services and acts under color of state law.  NBCI is a proper entity to be sued under 42 U.S.C. § 1983 for its deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures, which were moving forces in the constitutional and statutory violations and resulting injuries described herein.

3.      Correctional Officer Justin Gordon ("Defendant Gordon") is an individual.  At all times relevant hereto, Defendant Gordon was acting under color of state law in his capacity as a correctional officer employed by NBCI.  Defendant Gordon is sued in his official and individual capacities.

4.      Correctional Officer Benjamin Friend ("Defendant Friend") is an individual.  At all times relevant hereto, Defendant Friend was acting under the color of state law in his capacity as a correctional officer employed by NBCI.  Defendant Friend is sued in his official and individual capacities.

5.      Correctional Officer Jeremy Crites  ("Defendant Crites") is an individual.  At all times relevant hereto, Defendant Crites was acting under color of state law in his capacity as a correctional officer employed by NBCI.  Defendant Crites is sued in his official and individual capacities.

6.      Sergeant Jessica Hite ("Defendant Hite") is an individual.  At all times relevant hereto, Defendant Hite was acting under color of state law in her capacity as a correctional officer employed by NBCI.  Defendant Hite is sued in her official and individual capacities.

DC\4330156.3   Second Amended Complaint

## JURISDICTION AND VENUE FOR CLAIMS 2-6

7.      This Court  has original jurisdiction over Claims 2-4 pursuant to 28 U.S.C.
§§ 1331 and 1343(a)(3).  Claims 2-4 arise under the First, Fourth, Eighth, and Fourteenth Amendments
to the United States Constitution and seek relief under 42 U.S.C. § 1983 for injuries resulting from the
deprivation of Plaintiff's rights.

8.      This Court has jurisdiction over Plaintiff's state law claims, Claims 5 and 6, under
28 U.S.C. §1367(a).

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL ALLEGATIONS

10.      Plaintiff hereby incorporates all other paragraphs of this Complaint, Exhibits 1 and 2 to
this Complaint, and Plaintiff's Original Complaint and First Amended Complaint (docket entries 1, 1-1,
1-2, 1-3, and 14, respectively) as if fully set forth herein.

11.      At approximately 9:45 or 10:00 p.m. on June 29, 2013, Plaintiff was physically assaulted
at NBCI by three correctional officers:  Defendant Gordon, Defendant Friend, and Defendant Crites, by
the order of Defendant Hite at NBCI.

12.      On the evening of June 29, 2013 a mass shake down was being conducted on Housing
Unit 2, D-Wing.  Plaintiff's cell was searched by two officers, who threw Plaintiff's mattress on the
ground.  Plaintiff complained to Sergeant Hite, who responded, "Fuck you, write an ARP like you've
been doing."  Plaintiff responded, "Ok, I'm going to write you up in an ARP."

13.      Defendant Friend then entered the conversation between Plaintiff and Defendant Hite.
Defendant Friend said "Bitch shut up, write me up, who gives a fuck anyway."  Plaintiff responded,
"Mind your business, I'm not talking to you, I'm talking to Sergeant."

14.      Defendant Gordon physically restrained Plaintiff by pulling him out of his chair and
placing Plaintiff in Housing Unit C/D holding cell.

3

15.     While Plaintiff was in the holding cell, Defendant Hite balled up her fist and stated, "They're going to fuck you up tonight."  Thereafter, Defendants Friend, Gordon, Crites escorted Plaintiff to Housing Unit 1, making threatening comments such as, "We're going to beat you to death, you fuck[ed] with the wrong COs tonight."  Defendant Friend also stated, "Who wants to do the choking?"

16.     Plaintiff was escorted by Defendants Friend, Gordon, and Crites down the Housing Unit 1 sidewalk while his hands were handcuffed behind his back.  At some points during transit, Plaintiff was dragged by Defendants Friend, Gordon, and Crites.  At other times during the transit, Defendants Friend, Gordon, and Crites forced Plaintiff's arms above his head, forcing him off his feet, and causing Plaintiff to hit his face on the ground.

17.     Plaintiff was then escorted by Defendants Friend, Gordon, and Crites to the Housing Unit 1 property area, where Defendants Friend, Gordon, and Crites slammed Plaintiff's to the floor and against the strip cage.

18.     Defendants Friend, Gordon, and Crites then kicked Plaintiff in the head and back and stomped on Plaintiff's legs until Plaintiff was knocked unconscious.  When Plaintiff revived, he was choked unconscious by Defendant Gordon.  During the physical altercation, Defendants Friend, Gordon, and Crites called Plaintiff a "nigger" and other derogatory names.  Plaintiff was then strip searched by Defendants Friend, Gordon, and Crites.

19.     On June 29, 2013, at approximately 10:15-10:30 p.m. and after being physically assaulted by Defendants Gordon, Friend, and Crites, Plaintiff was seen by Nurse Dawn Hawk in the NBCI Housing Unit 1 medical room.

20.     While in the medical room, Jamie Light, Correctional Officer, arrived and took photographs of Plaintiff's body to make a record of Plaintiff's injuries.  Plaintiff was not allowed to remove his shirt to document injuries to his torso.  Correctional Officer Light was ordered to "just take

4

photos mainly of [Plaintiff's] face so all of the injuries don't show." Subsequently, Correctional Officer Light only took images of Plaintiff's face and shoulder area; specifically Plaintiff's collar bone.

21.     On June 29, 2013, Nurse Hawk gave plaintiff two Tylenol pills for pain and released Plaintiff to a Housing Unit cell with no further treatment. Plaintiff was not seen by any other physicians on June 29, 2013.

22.     From approximately July 1, 2013 to July 11, 2013, Plaintiff made requests to NBCI officers to initiate sick call procedures so that he could be seen by a physician. The sick call process was unsuccessful and Nurse Hawk did not make any follow-up appointments with Plaintiff.

23.     On or about July 13, 2013, Plaintiff was seen by Nurse Hawk. Plaintiff notified Nurse Hawk that he had severe pain inside of his head, his right knee, back, legs and shoulder from the force applied by Defendants Gordon, Friend, and Crites on June 29, 2013.

24.     On or about July 27, 2013, Plaintiff was seen by Colin Ottey, M.D., who found sources of Plaintiff's pain from external injuries and provided painkillers as treatment. To date, no medication has alleviated Plaintiff's pain.

25.     Defendants Gordon and Friend filed Notices of Inmate Rule Violation on June 29 and June 30, respectively, falsely alleging that Plaintiff used threatening language and disobeyed orders on June 29, 2013. Plaintiff had a hearing for these alleged rule violations on July 11, 2013. At this hearing, Plaintiff requested video footage of the area where the physical altercation occurred and for Defendant Hite to testify. Those requests were denied, and Plaintiff was told that the video footage of the incident did not have audio recording. Plaintiff was found guilty of the rule violation without evidence or testimony and was subject to disciplinary segregation as punishment.

26.     Later, after NBCI's internal investigation was completed and Plaintiff had again requested video footage of the June 29, 2013 incident, Plaintiff was informed that there was no video footage taken the day of the incident. This contradicted NBCI's earlier statement that the footage would not be useful since it did not contain audio recording. NBCI is a high-tech, maximum security prison

5

and no explanation was provided to explain why the video footage of Housing Unit 1, Housing Unit 2, the Housing Unit property rooms, the sidewalks in between the Housing Units, and the strip cage was missing from June 29, 2013.

27.     On information and belief, in the period before and after June 29, 2013, NBCI was aware of several other complaints of excessive force against inmates, including but not limited to complaints of Defendant Gordon's use of excessive force against inmates.  On information and belief, after June 29, 2013, Defendant Gordon was disciplined and formally released of his duties at least in part due to his use of excessive force against inmates.

28.     Before the June 29, 2013 incident, Defendants were aware of Plaintiff's rare, pre-existing neurological condition known as "Pseudotumor Cerebri" or "Papilledema."

29.     As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional and other rights, physical injuries, pain and emotional distress, and/or aggravation of pre-existing conditions, caused by the unlawful conduct of the Defendants.  Plaintiff suffers from severe pain in his head, back, shoulder, and legs.  Plaintiff's vision was blurred and he now suffers frequent migraine headaches and anxiety and depression as his symptoms worsen.  After the physical assault, Plaintiff's symptoms from his neurological condition have worsened and he experiences frequent dizziness, headaches, black outs and blurred vision.  Plaintiff also has traumatic flashbacks of Defendants' attack.

30.     Since June 29, 2013, Plaintiff has filed numerous ARPs to complain of his back pain, dizziness, blackouts and blurry vision from the June 29, 2013 physical assault.  Nurse Hawk and other officials refused to prescribe any medication or apply treatment other than providing over-the-counter painkillers.  Plaintiff's request to receive a lumbar puncture was refused as well.

31.     After June 29, 2013, NBCI correctional officers continued to punish Plaintiff for threatening to file an ARP against Defendants Hite, Gordon, Crites and Friend, which NBCI was aware

6

of.  On multiple occasions various correctional officers refused to process Plaintiff's ARPs after the June 29, 2013 attack, including ARPs filed on or about July 13 and 17 and on or about December 4, 5, 6, 8, and 13 of 2013.  Correctional Officers Rounds and Conrad also refused to process Plaintiff's sick calls on July 1, 2013.  On or about July 2 to July 4 of 2013, Plaintiff requested sick calls from correctional officers Fan, Preston, Conrad, Shannon, Maria, and Michelle, who all ignored Plaintiff's requests. Plaintiff gave Correctional Officer Deist a sick call request on or about July 11, 2013, which was also ignored.  At no point did NBCI rectify the officers' refusal to allow Plaintiff to seek treatment. Moreover, NBCI condoned the behavior for months.  Furthermore, Plaintiff has not received and continues to not receive receipts, or proof of receipt, of the ARPs mentioned herein.

32.     On or about July 11 or July 13, Nurse Chrissy Cortez stated that she knew the correctional officers were ignoring Plaintiff's sick calls.  She attempted to have a doctor examine Plaintiff thereafter, but Correctional Officer Orr prevented her from calling a physician.  On or about July 13, Nurse Hawk examined Plaintiff and warned Plaintiff that if he kept filing sick calls with the correctional officer, he "might get another beat down."  On or about July 27, 2013 Plaintiff was seen by Colin Ottey, M.D., who examined Plaintiff's external injuries and treated Plaintiff with painkillers.  Dr. Ottey ordered an x-ray for Plaintiff on or about July 27, 2013, which was never fulfilled.  To date, no medication has alleviated Plaintiff's pain.

33.     On information and belief, both before and after June 29, 2013, NBCI was aware of several other excessive force complaints filed against correctional officers.  On information and belief, Defendant NBCI failed to properly train and provide adequate oversight of its correctional officers, and as a result, other inmates have been hurt by NBCI's correctional officers.  On information and belief, NBCI is aware of the history of internal complaints filed by inmates against Defendants Hite, Gordon, Friend, and Crites for punishing plaintiffs for exercising their right to file ARPs and to seek medical treatment.

## SECOND[1] CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Retaliation in Violation of the First and Fourteenth Amendments**

(Defendants Hite, Gordon, Friend, and Crites)

34.     Plaintiff hereby incorporates all other paragraphs of this Complaint, Exhibits 1 and 2 to this Complaint, and Plaintiff's Original Complaint and First Amended Complaint (docket entries 1, 1-1, 1-2, 1-3, and 14, respectively) as if fully set forth herein.

35.     Defendants Hite, Gordon, Friend, and Crites, at all times relevant hereto, were acting under color of state law in their capacity as correctional officers and their acts or omissions were conducted within the scope of their official duties or employment.

36.     Before June 29, 2013, Plaintiff had the clearly established constitutional right to be free from retaliation for engaging in protected speech and conduct, including expressing and exercising his right to file administrative grievances such as ARPs.

37.     By June 29, 2013,  any reasonable correctional officer knew or should have known of Plaintiff's clearly established First Amendment rights.  On information and belief, by June 29, 2013, Defendants Hite, Gordon, Friend, and Crites knew of Plaintiff's clearly established First Amendment rights.

38.     On June 29, 2013, Mr. Hendrick engaged in protected speech by telling Defendant Hite that he planned to file an ARP against her.  Also, on June 29, 2013, Defendant Friend said to Plaintiff, "Bitch shut up, write me up, who gives a fuck anyway."

39.     After Mr. Hendrick engaged in protected speech by expressing his right to file ARPs, Defendants Hite, Gordon, Friend, and Crites conspired to punish Plaintiff for exercising his First

---

[1] Plaintiff's First Claim for Relief is a 42 U.S.C. § 1983 claim for violations of Plaintiff's Eighth and Fourteenth Amendment rights against Defendants Hite, Gordon, Friend, and Crites, as described in Plaintiff's Original Complaint and First Amended Complaint, and explained further in the Court's Memorandum Opinion and Order Granting Defendant Hawk's Motion for Summary Judgment and Denying the Motion for Summary Judgment of Defendants Hite, Gordon, Friend, and Crites.  (Docket entries 1, 14, 42, and 43).

Amendment rights and made threatening, derogatory, and intimidating statements to Plaintiff as punishment for his exercise of his First Amendment rights.  Many of these statements directly or implicitly intimated that punishment would imminently follow.  Additionally, Defendant Hite instructed Defendants Gordon, Friend, and Crites to punish and physically beat Plaintiff for his exercise of his First Amendment rights.  Defendants Gordon, Friend, and Crites also physically assaulted Plaintiff and subjected Plaintiff to a strip search as punishment for his exercise of his First Amendment rights. Defendants Gordon and Friend also filed Notices of Inmate Rule Violation on June 29 and June 30, 2013, respectively, with false allegations against Plaintiff as punishment for Plaintiff's exercise of his First Amendment rights.   Plaintiff was found guilty of the rule violations without evidence or testimony and was subject to disciplinary segregation as punishment.

40.     The threatening, derogatory, and intimidating statements, physical assault, and strip search Plaintiff was subjected to for his protected conduct would both deter a person of ordinary firmness from continuing to engage in the protected conduct and would tend to chill the exercise of prisoners' First Amendment rights.  No reasonable officer could have believed that this conduct was lawful.  Defendants Hite, Gordon, Friend, and Crites participated in and/or directed these actions as a means of retaliation, and none of them took reasonable steps to protect Plaintiff from this retaliation or to stop this retaliatory action.  They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

41.     Defendants engaged in the conduct described by this Complaint intentionally, willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's constitutional rights.

42.     Defendants are not entitled to qualified immunity for the complained of conduct.

43.     As a proximate result of the unlawful conduct of Defendants Hite, Gordon, Friend, and Crites, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages.  Plaintiff is further entitled to injunctive relief and to attorneys' fees and costs pursuant to 42 U.S.C. §1988. Plaintiff is also entitled to punitive

9

damages against Defendants Hite, Gordon, Friend, and Crites under 42 U.S.C. § 1983, because the actions of each of Defendants Hite, Gordon, Friend, and Crites were taken maliciously, willfully and with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### THIRD CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Unlawful strip search in violation of the Fourth and Fourteenth Amendments**

(Defendants Gordon, Friend, and Crites)

44.     Plaintiff hereby incorporates all other paragraphs of this Complaint, Exhibits 1 and 2 to this Complaint, and Plaintiff's Original Complaint and First Amended Complaint (docket entries 1, 1-1, 1-2, 1-3, and 14, respectively) as if fully set forth herein.

45.     Defendants Gordon, Friend, and Crites, at all times relevant hereto, were acting under color of state law in their capacity as correctional officers and their acts or omissions were conducted within the scope of their official duties or employment.

46.     Before June 29, 2013, Plaintiff had the clearly established constitutional right to be free from unreasonable search and seizure under the Fourth Amendment.

47.     By June 29, 2013,  any reasonable correctional officer knew or should have known of Plaintiff's clearly established Fourth Amendment rights.  On information and belief, by June 29, 2013, Defendants Gordon, Friend, and Crites knew of Plaintiff's clearly established Fourth Amendment rights.

48.     On June 29, 2013, Defendants Gordon, Friend, and Crites performed a strip search of Plaintiff that was unrelated to any penological goal, and was designed to intimidate, harass, and punish Plaintiff.  The strip search was invasive, intrusive, and not justified by the circumstances.  The strip search was conducted in a harassing and intimidating manner, and, on information and belief, was performed in retaliation for Plaintiff's exercise of his First Amendment rights.

49.     Defendants performed the strip search on Plaintiff intentionally, willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's constitutional rights.

50.     Defendants are not entitled to qualified immunity for the complained of conduct.

DC\4330156.3   Second Amended Complaint

51.     As a proximate result of this unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages.  Plaintiff is further entitled to injunctive relief and to attorneys' fees and costs pursuant to 42 U.S.C. §1988.  Plaintiff is also entitled to punitive damages against Defendants Gordon, Friend, and Crites under 42 U.S.C. § 1983, because the actions of each of Defendants Gordon, Friend, and Crites were taken maliciously, willfully and with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**FOURTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Supervisory Liability - Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the First, Fourth, Eighth, and Fourteenth Amendments, in violation of 42 U.S.C. § 1981**

(Defendant NBCI)

52.     Plaintiff hereby incorporates all other paragraphs of this Complaint, Exhibits 1 and 2 to this Complaint, and Plaintiff's Original Complaint and First Amended Complaint (docket entries 1, 1-1, 1-2, 1-3, and 14, respectively) as if fully set forth herein.

53.     Defendant NBCI, at all times relevant hereto, was acting under color of state law.

54.     Plaintiff had the following clearly established rights at the time of the complained of conduct:

      i.          the right to be secure in his person from unreasonable seizure under the Fourth Amendment;

      ii.         the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment; and

      iii.        the right to be free from cruel and unusual punishment under the Eighth Amendment; and

11

iv.     the right to exercise his constitutional right to express his grievances under the First Amendment without retaliation.

55.     Defendant NBCI knew or should have known of these rights before June 29, 2013.

56.     The acts or omissions of Defendant NBCI, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him damages.

57.     Defendant NBCI is not entitled to immunity for the complained of conduct.

58.     Defendant NBCI condoned the correctional officers' actions toward the Plaintiff by, with knowledge of an objectively high risk of constitutional violations and actual knowledge of constitutional violations, failing to take proper actions to train correctional officers to respect inmates' constitutional rights and failing to address and provide appropriate remedies for correctional officers' violations of inmates' constitutional rights.

59.     Defendant NBCI had and has actual knowledge of its employees' violations of Plaintiff's rights and the Defendants continue to acquiesce in such violations.  The correctional officers at NBCI continue to prevent Plaintiff from receiving the medical care he requests as a result of him exercising his constitutional right to file grievances.  NBCI fails to institute a mechanism to ensure its correctional officers respond to inmate requests, including the Plaintiff's, and as a policy demonstrates a deliberate indifference to Plaintiff's serious medical need.

60.     Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law-enforcement related policies, procedures, customs, practices of failing to investigate missing ARPs and unfulfilled sick calls, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and other inmates despite inmate complaints of excessive force and retaliatory actions.

Defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law-enforcement related policies, procedures,

customs, practices of punishing inmates and subjecting them to cruel and unusual punishment in response to alleged Notices of Rule Violations without evidence or testimony.  NBCI failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and other inmates despite inmate complaints of retaliatory actions

61.     The deliberately indifferent training and supervision provided by Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendants and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

62.     As a direct result of Defendant's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages and injunctive relief.

**FIFTH CLAIM FOR RELIEF**

**Assault and Battery**

(Defendants Gordon, Friend, and Crites)

63.     Plaintiff hereby incorporates all other paragraphs of this Complaint, Exhibits 1 and 2 to this Complaint, and Plaintiff's Original Complaint and First Amended Complaint (docket entries 1, 1-1, 1-2, 1-3, and 14, respectively) as if fully set forth herein.

64.     Defendants Gordon, Friend, and Crites committed assault and battery against Plaintiff by, without need or provocation, physically beating Plaintiff, including by hitting Plaintiff in the head and torso, bashing his head into walls, forcibly restraining Plaintiff without cause, choking Plaintiff until he lost consciousness, and kicking and dragging Plaintiff while handcuffed.  These actions were undertaken deliberately, intentionally, and with actual malice.

65.     As a proximate result of this unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages.

13

## SIXTH CLAIM FOR RELIEF

### Violation of the Maryland Declaration of Rights

### (All Defendants)

66.     Plaintiff hereby incorporates all other paragraphs of this Complaint, Exhibits 1 and 2 to this Complaint, and Plaintiff's Original Complaint and First Amended Complaint (docket entries 1, 1-1, 1-2, 1-3, and 14, respectively) as if fully set forth herein.

67.     Article 16 of the Maryland Declaration of Rights prohibits cruel and unusual punishment and is Maryland's counterpart to the Eighth Amendment of the United States Constitution.

68.     Article 24 of the Maryland Declaration of Rights prohibits the use of excessive force and is Maryland's counterpart to the Fourteenth Amendment of the United States Constitution.

69.     Article 26 of the Maryland Declaration of Rights provides substantive due process rights, prohibits unreasonable search and seizures, and is Maryland's counterpart to the Fourteenth and Fourth Amendments of the United States Constitution.

70.     Article 40 of the Maryland Declaration of Rights provides freedom of speech rights and is Maryland's counterpart to the First Amendment of the United States Constitution.

71.     The Defendants' actions deprived Plaintiff of his rights under Articles 16,  24, 26, and 40 of the Maryland Declaration of Rights and under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

72.     As a direct and proximate cause of the Defendants' violations of the Maryland Declaration of Rights, Plaintiff suffered and continues to suffer physical injuries, pain and suffering, and emotional distress.

73.     The actions of the Defendants were taken deliberately and with actual malice.

74.     At times relevant hereto, Defendants aced with ill will and malice.  In doing the foregoing acts, Defendants were acting as agents of the State and/or under the color of law.

14

75.     Plaintiff repeatedly notified Defendants of their violations of Plaintiff's rights in writing and within 180 days after June 29, 2013.

76.     As a proximate result of this unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A.     Judgment in favor of Plaintiff;

B.     Appropriate declaratory and injunctive relief;

C.     $25,000 in compensatory damages against each Defendant, $25,000 in punitive damages against each Defendant, and any other appropriate damages;

D.     Attorneys' fees and costs under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law; and

E.     any other relief this court deems just and proper.

15

DATED: June 2, 2016

By:   /s/Stacey VanBelleghem
Stacey VanBelleghem (Bar No. 28893)
Abid R. Qureshi (*pro hac vice*)
Emily K. Sauter (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: stacey.vanbelleghem@lw.com


*Counsel for Plaintiff*

16

# Exhibit 1

RECEIVED
PRO SE

JUL 2 8 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

JUL 2 8 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARNELL HENDRICK (#209-362)
14100 McMULLEN HGWY. NBCI
SW CUMBERLAND,
MARYLAND 21502

(Full name, prison identification
number and address of the plaintiff)

JURY TRIAL DEMANDED

v.

IN INDIVIDUAL AND OFFICIAL CAPACITIES

CO II JUSTIN GORDON
CO II BENJAMIN FRIEND
CO II JEREMY CRITES
SGT. HITE (FEMALE SGT.)

(Full name and address of the defendant(s))

Civil Action No. DKC-14-2398
(Leave blank on initial filing to be filled in by Court.)

NORTH BRANCH CORRECTIONAL-
INSTITUTION
14100 McMULLEN HGWY
SW CUMBERLAND,
MARYLAND 21502

COMPLAINT

I.   Previous lawsuits

A.   Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

YES ☐     NO ☑

B.   If you answered YES, describe that case(s) in the spaces below.

1.   Parties to the other case(s):

Plaintiff: _____

Defendant(s): _____

※ : THREE ATTACHMENTS ENCLOSED. ※

1983 Complaint (Rev. 03/2011)

6   ATTACHMENT #1. STATEMENT OF CLAIM
ATTACHMENT #2. ARP AND DCD 185-003
ATTACHMENT #3. APPEAL AND ARP FORM

2.     Court (if a federal court name the district; if a state court name the city or

       county): _____

3.     Case No.: _____

4.     Date filed: _____

5.     Name of judge that handled the case: _____

6.     Disposition (won, dismissed, still pending, on appeal): _____

       _____

7.     Date of disposition: _____

## II.    Administrative proceedings

**A.**    If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

      YES ☑      NO ☐

1.     If you answered YES:

    a.    What was the result? _DISMISSED for Procedural REASONS, ISSUE Being INVESTIGATED BY INTERNAL INVESTIGATIVE UNIT_

    b.    Did you appeal?

        YES ☑      NO ☐

2.     If you answered NO to either of the questions above, explain why: ____

      _____

      _____

**\* (See: STATEMENT OF CLAIM, ATTACHMENT 1)**

III. **Statement of claim**
(Briefly state the facts of your case. Include dates, times, and places. Describe what each defendant did or how he/she is involved. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

(1) ON JUNE 29, 2013 AT APPROX. 9:45-10:00PM I WAS PHYSICALLY ATTACKED AND BEATEN BY THREE NBCI CORRECTIONAL OFFICERS, I.E., COII J. GORDON, COII B. FRIEND, AND COII J. CRITES, by the ORDER OF SGT. HITE AT NBCI PRISON.

(2) AFTER SGT. HITE AND I HAD A VERBAL ALTERCATION IN HU 2 DWING, COII B. FRIEND VOLUNTARILY ENTERED the verbal ALTERCATION SAYING to me "BITCH SHUT UP, WRITE ME UP, WHO GIVES A FUCK ANYWAY", AND I SAID "MIND YOUR BUSINESS I'M -
**\* [See: ATTACHMENT 1]** (CONT'D) ⟶

IV. **Relief**
(State briefly what you want the Court to do for you.)

**$20,000.00 AND $15,000.00 ACCORDINGLY**

ORDER DEFENDANTS to PAY COMPENSATORY AND PUNITIVE DAMAGES; GRANT other JUST & EQUITABLE RELIEF the COURT DEEM NECESSARY.

SIGNED THIS 20 day of JULY, 2014.

*Laenell Hendrick* #209-362
(original signature of plaintiff)

14100 MCMULLEN HGWY
NBCI SW CUMBERLAND,
MARYLAND 21502
(address of plaintiff)

*[ATTACHMENT 1]*

## III. STATEMENT OF CLAIM

not talking to you, I'm talking to the SERGEANT."
So CO II BENJAMIN FRIEND AND CO II JEREMY CRITES
Snatched me up out of my CHAIR (I was Sitting in a
CHAIR HANDCUFFED, in front of my cell on HU2 D-
WING CELL 1) AND PUT me In the HU2 C/D -
HOLDING CELL, Then SGT. HITE CAME UP to the -
GLASS WINDOW of the HU2 C/D HOLDING CELL -
BALLED UP HER FIST AND SAID "They're GOING TO
FUCK YOU UP TONIGHT", then THREW A PUNCH.
(3) There AFTER (APPROX. 5-8 minutes later) CO II -
B. FRIEND, CO II J. GORDON, AND CO II J. CRITES ESCORTED
me to HU1 AND MADE COMMENTS AS we TRAVELED, -
I.E., "WE'RE GOING TO BEAT YOU TO DEATH, YOU FUCK
with the WRONG CO'S TONIGHT", CO II B. FRIEND ASKED
"WHO WANTS to do the CHOKING"? Then AS we traveled
down HU1 SIDEWALK Suddenly they Snatched MY ARMS
ABOVE MY HEAD (MY HANDS were HANDCUFFED behind MY BACK)
and threw me on the GROUND (MY FACE HITTING the GROUND),
AND Start RACING me Into the HU1 PROPERTY AREA AND -
SLAMMED MY HEAD DOWN on the FLOOR AND AGAINST the -
CAGE (STRIP CAGE"), AND they (the 3 C.O.'s Stated ABOVE)
Started KICKING me In MY HEAD, MY BACK, AND Stomping
MY LEGS UNTIL I went UNCONCIOUS, then CO II J. GORDON -
AGAIN CHOKED me UNCONCIOUS, They called me NIGGER, HO.....
I Suffered Severe PAIN IN MY HEAD, BACK, AND SHOULDER, AND
legs. MY VISION IS BLURRY, I HAVE Frequent MIGRAINE HEADACHE'S,
I HAVE FLASHBACKS often of this ATTACK by these OFFICERS.
UNDER PENALTY of PERJURY the ABOVE IS TRUE. *Darnell Hendrix* JULY 20, 2014

# Exhibit 2



IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND

LARNELL HENDRICK,
Plaintiff

V.

CO II JUSTIN GORDON, ET AL.,
Defendants

FILED ___ ENTERED
LODGED ___ RECEIVED

OCT 1 7 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

CIVIL ACTION NO. DKC-14-2398

## MOTION TO AMEND PLAINTIFF'S PLEADING

Now comes the Plaintiff LARNELL HENDRICK
#209-362, PRO SE, located at 14100 –
MCMULLEN HGWY. NBCI SW CUMBERLAND,
MARYLAND 21502, to file this AMENDED
PLEADING pursuant to Federal Rule
Civil Procedure Rule 15(a), Plaintiff has
been GRANTED to proceed In Forma Pauperis
by the COURT, AND Plaintiff has previously
paid the INITIAL PARTIAL PAYMENT required
under 28 U.S.C. § 1915.

(PAGE 1 of 9)

Pursuant to <u>RULE 15(a)</u> Plaintiff hereby bring forth and name "<u>RN DAWN HAWK</u>", NBCI MEDICAL NURSE as an additional DEFENDANT in this Case matter. <u>RN - DAWN HAWK</u> is employed by WEXFORD HEALTH SOURCES INC. AND her place of employment is : <u>14100 MCMULLEN HGWY.</u> <u>NBCI SW CUMBERLAND, MARYLAND 21502</u>.

(1.) Constitutional Violations committed AGAINST PLAINTIFF, to WIT, <u>FOURTEENTH AMENDMENT DUE PROCESS VIOLATION</u> UNDER the <u>UNITED STATES CONSTITUTION</u> by "<u>RN DAWN HAWK</u>", of NBCI medical Dept., AND <u>8th AMENDMENT CRUEL AND UNUSUAL PUNISHMENT</u>.

## STATEMENT OF CLAIM

1. On June 29, 2013 Plaintiff was physically ASSAULTED at NORTH BRANCH CORRECTIONAL INSTITUTION by THREE CORRECTIONAL OFFICERS, I.E., CO II JUSTIN GORDON, CO II BENJAMIN FRIEND, AND CO II JEREMY -
(PAGE 2 of 9)

CRITES, foR Sergeant Jessica Hite .

2. Due to Plaintiff being physically assaulted by the CORRECTIONAL OFFICERS Stated SUPRA, Plaintiff Sustained severe physical INJURIES to his head, BACK, Knee, left eye, mouth, AND left collar bone.

3. Due to Plaintiff being physically ASSAULTed by the CORRECTIONAL OFFICERS Stated SUPRA, Plaintiff was Knocked unconcious AND CHOKED UNCONCIOUS.

4. On June 29, 2013 at ApproxImately 10:15 PM - 10:30 PM After being physically ASSAULTed by COII JUSTIN GORDON, COII BENJAMIN FRIEND, AND CO II - JEREMY CRITES, Plaintiff was Seen by "RN DAWN HAWK" in the NBCI HOUSING UNIT 1 medical Room, AND CONSPiRed with these OFFICERS SUPRA to "COVER-UP" AND "Conceal" the ASSAULT Against the Plaintiff.

(PAGE 3 of 9)

5. On June 29, 2013 at Approximately
   10:15 PM - 10:30 PM COII JAMIE LIGHT
   ARRIved in HU 1 medical Room to tAke
   photographs of Plaintiffs body IN ORDER
   to ASCERtain Whether Plaintiff had
   obtained any physical INJURIES during
   the Alleged USe of FORCE Against Plaintiff
   by the OFFICERS Stated SUPRA.

6. On June 29, 2013 At Approximately
   10:15 PM - 10:30 PM RN DAWN HAWK -
   prevented Plaintiff from removing his
   Shirt OR Jeans AND ORDERed COII JAMIE
   LIGHT to "JUST TAKE PHOTOS mainly of
   HIS FACE SO ALL OF THE INJURIES DON'T
   SHOW!"

7. Per orders of RN DAWN HAWK
   COII JAMIE LIGHT took only pARtiAL
   photos of Plaintiff, I.E, Plaintiff's
   FACE AND ShoulDER AREA (CollARBone).

(PAGE 4 of 9)

8. On June 29, 2013 in regard of this
incident (SUPRA) RN DAWN HAWK gave
Plaintiff two tylenoi (TYLENOL) pills for
pain and was released to return to
a Housing UNJT Cell with NO further
treatment NOR A Call FOR A DOCTOR OR
other medical Personnel.

9. FRom July 1, 2013 through JULY 11, 2013
Plaintiff made requests to NBCJ -
OFFJCERS AND the Sick call process for
treatment of his physical JNJURJES,
to NO AVAJL. RN DAWN HAWK MADE NO
follow-up Scheduled Appointments for
the Plaintiff.

10. On July 13, 2013 the Plaintiff finally was
seen by medical . Once Again Jt Was
by RN DAWN HAWK. The plaintiff Notified
RN DAWN HAWK that he had Severe pain
JNSJDE of his head, his RJght knee,
BACK, legs, AND shoulder Due to being
Physically ASSAulted on June 29, 2013
by the three offJcers (SUPRA),
(PAGE 5 of 9)

11. RN DAWN HAWK denied the Plaintiff's request to see A DOCTOR OR qualified Physician, and JNSTEAD merely stated to the Plaintiff AND OFFJCER COT LOGDON "YOU'Re ALLRJGHT AND JF YOU Keep FJLJNG those ARP GRJEVANCES JT MJGHT hAppen to You Again". RN DAWN HAWK was HJ-FJVing OFFJCER LOGDON AND other CO'S JN the HU 1 medical Room FOR ASSAULTing the Plaintiff, SAying "GOOD JOB FOR Kicking his ASS BOYS..."

12. On this Same date (SUPRA) RN DAWN HAWK cRACKED JOKES SAying that the GRJEVANT Should do "STRETCHJNG EXERCJSES" to relieve the PAJN, AND she provided the Plaintiff with no FORM of treatment FOR his diRE condition, resulting in further continual PAJN AND SUFFERJNG by the Plaintiff through the HANDS of RN DAWN-HAWK, AND/OR through RN DAWN HAWK's MAlicious Actions.

(PAGE 6 of 9)

The Actions Committed Against the
Plaintiff by RN DAWN HAWK (SUPRA)
Was AN "ARBITRARY ACTION AGAINST
THE PLAINTIFF" Violating Plaintiff's
14th AMENDMENT RIGHT TO DUE PROCESS
of LAW, AND "DELIBERATE INDIFFERENCE"
Violating PLAINTIFF'S 8th AMENDMENT
RIGHT NOT to receive CRUEL AND UNUSUAL
PUNISHMENT. FURTHER, Plaintiff suffered
AN A-TYPICAL AND SIGNIFICANT HARDShip
IN Violation of the 14th AMENDMENT at
the hANDS of RN DAWN HAWK AND/OR
through RN DAWN HAWK by the UNDUE
physical pain AND emotional Distress
AND ANXiety of RN DAWN HAWK's Actions
inflicted Upon Plaintiff in this CASE.

RELIEF REQUESTED

(1.) Plaintiff is Suing RN DAWN HAWK
in her INDIVIDUAL AND OFFICIAL CAPACITY.

(2.) Plaintiff request MONETARY Compens-
ATORY DAMAGES AND PUNitive DAMAGES.

(PAGE 7 of 9)

# ALTERNATIVE MOTION

Plaintiff hereby respectfully move for the COURT to AMEND Plaintiffs PleADING to ADD RN DAWN HAWK AS AN ADDITIONAL Defendant in this CASE matter UNDER Federal Civil Procedure Rule 15(C)(2) "IF NECESSARY", AND ONLY IF fOR Some reason RN DAWN HAWK CAN Not be - eligible to be ADDED AS A Defendant UNDER Federal Civil Procedure Rule 15(a). If RN DAWN HAWK CAN be properly Added AS A defendant UNDER Rule 15(a), then plaintiff request that course to be Filed AND Implemented in this CASE matter. In either event Stated SUPRA the Requested party as A defendant, I.E., RN DAWN HAWK, the requested defendant will not be - prejudiced in maintaining A Defense on the merits to the Allegations of this motion AND PleADING. Plaintiff AVER that It IS IN the Interest of Justice that Plaintiff's Motion to AMEND Plaintiff's PleAding be GRANTED in this CASE MATTeR.

( PAGE 8 of 9 )

## SWORN STATEMENT

I, Plaintiff hereby SWEAR UNDER the Penalties of PERJURY that All of the ABove AND foregoing Statements in this MOTION To AMEND Plaintiff's Pleading ARE TRUE AND CORRECT.

DATE : OCTOBER 14, 2014    Larnell Hendrick #209362

It is on this 14th DAY of OCTOBER, 2014 that A copy of this Motion To AMEND Plaintiff's Pleading WAS Sent U.S. MAIL postage Pre-PAID to StephAnie LANE-WEBER ASSISTANT ATTORNEY GENERAL St. PAUL PLAZA 19th Floor 200 St. PAUL PLACE BALTIMORE, MARYLAND 21202

SINCERELY SUBMITTED,
Larnell Hendricks #209362

LARNELL HENDRICK (#209-362)
14100 MCMULLEN HGWY. NBCS
SW CUMBERLAND, MARYLAND 21502

( PAGE 9 of 9 )